IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES K. BRELAND, JR., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. 14-0158-CG-C ) |
| LEVADA EF FIVE, LLC | ) ) |
| Defendant. | ) |

ORDER

This cause is before the court on the Motion to Withdraw as Counsel for Defendant Levada EF Five, LLC filed by W. Alexander Gray, Jr. (Doc. 47), and the Certificate of Service (Doc. 49).

Upon due consideration of the grounds cited and as counsel represents in the Certificate of Service that a copy of the motion was served on Levada EF Five, LLC via U. S. Mail, the motion is hereby **GRANTED.**

The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 10528 (1986)(citing Commercial and Railroad Bank of Vicksburg v. Slocomb, 39 U.S. (14 Pet.) 60, 10 L.Ed. 354 (1840); In re K.M.A., Inc., 652 F.2d 398 (5th Cir. Unit B 1981); Southwest Exp. Co. v. I.C.C., 670 F.2d 53 (5th Cir.1982)). Levada EF Five, LLC does not have the option of proceeding without counsel. The rule

requiring representation by counsel for a corporation is nearly as old as this country's judiciary:

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.  Osborn v. President of Bank of United States, 22 U.S. (9 Wheat.) 738, 829, 6 L.Ed. 204 (1824); see Turner v. American Bar Assn., 407 F.Supp. 451, 476 (N.D. Tex. 1975)(citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order sub nom. Taylor v. Montgomery, 539 F.2d 715 (Table)(7th Cir. 1976), and aff'd sub nom. Pilla v. American Bar Ass'n., 542 F.2d 56 (8th Cir. 1976).  As the courts have recognized, the rationale for that rule applies equally to all artificial entities.

Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201-02 (1993).  Accord, Federal Trade Commission v. GEM Merchandising Corp., 1995 WL 623168 at *1 (11th Cir. Sept. 1, 1995) ("It is well settled that a corporation is an artificial entity which cannot appear pro se in legal proceedings but must be represented by counsel. citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986)).  This rule applies even when the person seeking to represent the corporation is its president and major stockholder.")

**Levada EF Five, LLC**, is therefore **ORDERED TO OBTAIN COUNSEL to represent it in this action**; new counsel for Levada EF Five, LLC shall file a notice of appearance **on or before January 30, 2015.**

**DONE and ORDERED** this 16th day of January, 2015.

/s/  Callie V. S. Granade  
UNITED STATES DISTRICT JUDGE