IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES K. BRELAND, JR., et al.**, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **CIVIL ACTION NO. 14-158-CG-C** |
| **LEVADA EF FIVE, LLC**, | ) ) ) | |
| Defendant. | ) ) ) | |

## ORDER

This matter is before the Court on the motion of Plaintiffs[1] to renew previously filed motions[2] (Doc. 198); stay execution of judgment (Doc. 199); for a new trial or, alternatively, motion for remittitur (Doc. 200); and Defendant Levada EF Five, LLC's ("Levada") opposition thereto (Doc. 209).  For the reasons stated below, Plaintiffs' motions are denied, in part, and moot, in part.

## DISCUSSION

Plaintiffs' breach of contract claims and Levada's counterclaim for breach of contract were tried before a jury on February 1, 2, and 3, 2016.  Upon entry of a

---

[1] Plaintiff Charles K. Breland, Jr.; Osprey Utah, LLC ("Osprey"); Water Canyon Holdings, LLC ("Water Canyon"); Range Creek Holdings, LLC ("Range Creek"); and Utah Reserve Exchange, LLC ("Utah Reserve") are collectively referred to as "Plaintiffs".

[2] Plaintiffs seek to renew their Motion for Judgment as a Matter of Law on Plaintiffs' Claims for Breach of Contract (Doc. 178); Judgment as a Matter of Law on Defendant's Counterclaim for Breach of Contract (Doc. 179); and Motion for New Trial or, Alternatively, Remittitur (Doc. 180).

verdict in favor of Levada for Plaintiffs' claims and Levada's counterclaim, the following exchange took place:

> The Court:  All right.  How much time do the parties want to submit post-trial motions or information about attorneys' fees, that sort of thing?
>
> [Plaintiffs' Counsel]:  30 days.
>
> The Court:  How many?  30?
>
> [Plaintiffs' Counsel]:  30?  15?
>
> The Court:  Well, I'll ask you [ ] [ ] how much time do you need?
>
> [Plaintiffs' Counsel]:  I would prefer 30 days.
>
> The Court:  What about the defendant?
>
> [Defense Counsel]:  That's fine with me.

(Doc. 185-2, p. 84, l. 21–p. 85, l. 6).  Whereupon the Court decreed in a separate order, "Post[-]trial motions are to be filed **no later than March 4, 2016**."  (Doc. 173, p. 3) (emphasis in original).  Plaintiffs made no objection to the Court's post-trial scheduling order.  Instead, Plaintiffs filed a host of post-trial motions.  See (Docs. 178, 179, 180).  After considering Plaintiffs' post-trial motions and Levada's objections thereto (Docs. 181, 182, 183), the Court denied Plaintiffs' post-trial motions and entered judgment on the verdict.  (Docs. 191, 192).

Now, "Plaintiffs move the Court to reconsider Plaintiffs' motion for new trial or remittitur (Doc. 180) as well as Plaintiffs' renewed motions for judgment as a matter of law (Docs. 178[,] 180)."  (Doc. 198).  Additionally, Plaintiffs filed a second new trial motion which repeat previous arguments and attempt to introduce

additional evidence. (Doc. 200). Levada counters that Plaintiffs "do[ ] not present any new arguments in support of their motions" (Doc. 209, p. 4), and that the "new" evidence they seek to now admit was available to them prior to trial (Id., p. 6).

The decision to grant or deny a motion to reconsider is left to the discretion of the trial court. Chapman v. AI Transp., 229 F.3d 1012, 1023–24 (11th Cir. 2000) (en banc). "In the interest of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted). Generally, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." Summit Med. Ctr. of Ala., Inc. v. Riley, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). However, "[m]otions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued[,]" Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (citations omitted), and "cannot be brought solely to relitigate issues already raised[,]" Harris v. Corrections Corp. of America, 433 F. App'x 824, 825 (11th Cir. 2011). See also American Home Assur. Co. v. Glenn Estees & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion to reconsider to afford a litigant "two bites at the apple").

After a review of the Court's prior order and Plaintiffs' current briefs, the undersigned finds no evidence of an intervening change in controlling law or clear

error or manifest injury. Instead, Plaintiffs' reconsideration motion and second new trial motion re-plow arguments previously raised or rely on facts that Plaintiffs could have presented at trial.[3] Neither warrants relief from or a decision contrary to the Court's April 28 Order and Judgment, which decided these matters. See Gipson v. Mattox, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) ("Nor may a party properly utilize a motion to reconsider as a vehicle for rehashing arguments considered and rejected in the underlying order.") Moreover, the Court's post-trial briefing schedule afforded all parties ample opportunity to put all issues before the Court. Plaintiffs did not object to the schedule but, rather, proposed that timeline. Thus, Plaintiffs' Motion to Renew and second New Trial Motion are improper.

    Plaintiffs additionally move the Court to stay execution of the judgment pending resolution of Plaintiffs' Motion to Renew and second New Trial Motion pursuant to Rule 62(b), Fed. R. Civ. P. (Doc. 199). Since resolution of said motions is complete, Plaintiffs' request of stay is thereby moot.

---

[3] The "new" evidence Plaintiffs proffer includes a chain of emails between William R. Miller and a Questar representative. Two points are worth noting after reviewing the emails. First, it is apparent that Questar is efficient in responding to questions. The Questar representative's response times ranged from eight minutes to a little over four hours. See (Doc. 200-2, pp. 18–24). It appears that Questar provided Mr. Miller with the price quote Plaintiffs seek to introduce in ten days. Id. at 25–27. Second, Plaintiffs received notice that Levada was seeking "compensatory damages of $1.53 million pursuant to its Counterclaim" no later than January 14, 2016, which was eighteen days before trial began. (Doc. 137-1, p. 32). It stands to reason that Plaintiffs had ample time to obtain this evidence before trial.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Renew (Doc. 198) and second Motion for New Trial or, Alternatively, Motion for Remittitur (Doc. 200) are **DENIED**.  Plaintiffs' Motion for Stay of Execution of Judgment (Doc. 199) is **MOOT**.

**DONE** and **ORDERED** this 8th day of June, 2016.

/s/  Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE